Joseph M. O’Donnell, J.
The plaintiff states two causes of action, one for the salesperson’s share of the commission for a sale fully negotiated prior to the salesperson’s departure from the employ of the broker, but closed thereafter, and second, the listing salesperson’s share of a multiple listing service, which was sold after the departure of the salesperson from the employ of the listing broker.
FINDINGS OF FACT
Plaintiff, employed as a salesperson of the broker, secured a ready, willing and able purchaser for a property. The "binder” was signed, the contract was signed, the title passed from the seller to the buyer pursuant to the contract, in accordance *467 with the terms negotiated by the salesperson in a matter of days after the termination of the employment of the salesperson by the broker. The broker received the broker’s commission on the sale.
The listing for the multiple listing service was taken by the salesperson. Subsequently, the salesperson left the employ of the broker. Thereafter the property was sold and the broker received the listing commission of the broker.
CONCLUSIONS OF LAW
The court has been advised that there are few reported cases on the precise question presented. Clair v Kall & Kall (23 Misc 2d 568) held that the commission was not due the salesperson, but the fact in that case was that the eventual terms of the sale were not agreed upon until the month following the termination of the salesman’s employment. Tongue v White (47 Misc 2d 357) held that the salesman earned his commission, even though he died prior to the actual closing of title.
The provisions of section 442-a of the Real Property Law have as their purpose: "not to prevent a licensed broker or salesman from receiving compensation lawfully due him, but to prevent persons not entitled to act as brokers or salesmen from deriving profit from the pretense that they were such.” (1929 Opns Atty Gen 135.)
In this case, the salesperson accomplished the purpose of her agency during the term of her employment, she procured a buyer, ready, willing and able to perform according to the terms of the offer, and the salesperson was the procuring cause of the eventual sale. Therefore, she has earned her commission. The time for payment was at closing, and the closing actually took place.
As to the taking of the listing, the plaintiff as an employee of the broker took the listing for the multiple listing service. Upon the eventual sale of the property the broker, former employer of the salesperson, received the commission for the listing in the multiple listing service. The services for which the broker earned the commission were all performed by the salesperson prior to termination. Therefore, the salesperson had earned her share prior to termination.
A real estate listing is of value. A multiple listing is of increased value because it is an exclusive listing. When, as in *468 this case, the property is sold per that multiple listing, and the salesperson has completed all of the services in taking the listing, and nothing more needs be done by the listing broker, if the property is sold pursuant to the multiple listing, and when the broker becomes entitled to his share as listing broker, then the salesperson is entitled to her share, as earned during employment, and is not defeated by subsequent termination of employment, even if such termination is prior to the sale of the property. The salesperson has done all that need be done to earn the listing commission.
JUDGMENT
Judgment for the plaintiff of $950, plus costs, as the salesperson’s share of the commission on the sale of the property in the first cause of action, plus the salesperson’s share of the listing commission on the second cause of action.